IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DOUG KING                                                    PETITIONER


v.                              NO: 5:04CV00449 JLH/JFF


LARRY NORRIS, Director,
Arkansas Department of Correction                        RESPONDENT


## ORDER

In his response to Petitioner's petition for writ of habeas corpus, the respondent contends that petitioner did not properly present one of his federal claims in state court and that he has procedurally defaulted the claim. A district court is ordinarily precluded from considering any claim that a petitioner has failed to "fairly present" to the state court. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003). "A claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." Id. at 1021 (citing Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996)). Where a petitioner has failed to fairly present his claims to the state court, the claims are procedurally defaulted, and this court cannot consider them unless the petitioner can show cause for his default in state court and actual prejudice as a result of the constitutional violation, or actual innocence. Wemark v. Iowa, 322 F.3d at 1021-22.

The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).  For example, a showing that the factual or legal basis for the claim was not reasonably available to counsel, that some interference by officials made compliance impracticable, or that counsel's performance was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984), would constitute factors external to the defense and cause for a procedural default. Coleman v. Thompson, 501 U.S. 722, 753 (1991).  Where a prisoner has no constitutional right to an attorney, such as in state post-conviction proceedings, any attorney error that led to default cannot constitute cause to excuse the default in federal court. Id. at 757; Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998).

A narrow exception to the cause and prejudice standard exists where the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. at 496.  To meet the actual innocence standard, a petitioner must present new reliable evidence not presented at trial and demonstrate that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup v. Delo,  513 U.S. 298, 324, 327 (1995); Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir.), cert. denied, 534 U.S. 963 (2001); Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995).

The court orders the petitioner to submit, by August 29, 2005, a written statement describing the circumstances that led to the petitioner's failure to obtain a ruling on the merits of each ground that the respondent has alleged is now procedurally

barred.   Petitioner may also submit new reliable evidence not presented at trial to demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.

IT IS SO ORDERED this 1st day of August, 2005.

UNITED STATES MAGISTRATE JUDGE